THE ATTORNEY GENERAL HAS ASKED ME TO RESPOND TO YOU REQUEST FOR A FORMAL OPINION REGARDING THE FOLLOWING QUESTION:
 IN LIGHT OF 59 O.S. 396.12 (1989), DOES THE BOARD HAVE THE AUTHORITY TO DEFINE THE TERM "FULL TIME" BY RULE?
YOUR REQUEST DOES NOT REQUIRE A FORMAL ANSWER OF ATTORNEY GENERAL HENRY INASMUCH AS IT MAY BE READILY ANSWERED BY REVIEW OF THE RELEVANT STATUTES AND AUTHORITIES.
PREVIOUSLY ATTORNEY GENERAL JAN ERIC CARTWRIGHT RESPONDED TO A SIMILAR REQUEST IN ATTORNEY GENERAL OPINION 76-385. IN THAT OPINION, THE STATUTE UNDER CONSTRUCTION WAS 59 O.S. 396.12 (1971), A PREDECESSOR OF 59 O.S. 396.12 (1989), WHICH PROVIDED IN PERTINENT PART:
 "EVERY FUNERAL ESTABLISHMENT MUST BE OPERATED BY A FULL TIME PERSON HOLDING A VALID FUNERAL DIRECTOR'S LICENSE. . . ."
THE PHRASE "FULL TIME PERSON" IS NOT DEFINED WITHIN THE STATUTES RELATED TO THE STATE BOARD OF EMBALMERS AND FUNERAL DIRECTORS NOR WITHIN THE GENERAL STATUTES OF THE STATE OF OKLAHOMA. GIVEN THE ABSENCE OF SUCH A STATUTORY DEFINITION, THE RULE OF STATUTORY CONSTRUCTION AND INTERPRETATION APPLICABLE IS THAT SUCH PHRASES ARE TO BE INTERPRETED IN THEIR ORDINARY, EVERYDAY SENSE, AND ACCORDED THEIR PLAIN AND ORDINARY MEANING. FIRST NATIONAL BANK AND TRUST COMPANY OF CHICKASHA V. UNITED STATES, 462 F.2D 908 (1972), ALFALFA ELECTRIC COOP. INC.. V. FIRST NATIONAL BANK AND TRUST COMPANY OF OKLAHOMA CITY, 525 P.2D 644 (1974).
THE PHRASE "FULL TIME" IS DEFINED IN WEBSTER'S NEW COLLEGIATE DICTIONARY AT PAGE 464 AS: "THE AMOUNT OF TIME CONSIDERED THE NORMAL OR STANDARD AMOUNT OF WORKING DURING A GIVEN PERIOD."
THIS DEFINITION IS SIMILAR TO DEFINITIONS ADOPTED BY VARIOUS OTHER JURISDICTIONS. IN GRACE V. DOUGLAS COUNTY, 143 N.W.2D 818, 178 NEB. 690, "FULL TIME" WAS DEFINED AS: ". . . (T)HE USUAL WORKING DAY FOR PERFORMANCE OF DUTIES OF PARTICULAR OFFICE, 'FULL TIME' BEING DEFINED AS THE AMOUNT FOR WORKING DURING A GIVEN PERIOD, AS A DAY, WEEK, MONTH."
IT IS APPARENT FROM THE DEFINITIONS ABOVE NOTED THAT THE PHRASE "FULL TIME" IS A PHRASE ORDINARILY UNDERSTOOD TO REFER TO OR DESIGNATE A CERTAIN PERIOD OF TIME CUSTOMARILY UNDERSTOOD WITHIN A GIVEN INDUSTRY, OCCUPATION OR PROFESSION TO BE THE USUAL WORKING DAY." (A.G. OPIN. 76-385, EMPHASIS ADDED).
THEREFORE, A DETERMINATION OF WHAT IS MEANT BY THE USE TO THE PHRASE "FULL TIME PERSON" IN THE FUNERAL SERVICES INDUSTRY IS MOST APPROPRIATELY LEFT TO THE DISCRETION OF THE STATE BOARD OF EMBALMERS AND FUNERAL DIRECTORS, THE BODY HAVING THE STATUTORY AUTHORITY TO ENACT A RULE, IN COMPLIANCE WITH ADMINISTRATIVE PROCEDURES ACT. SEE 59 O.S. 396.2A(1) (1989).
HOWEVER, PLEASE BE ADVISED THAT THE OPINIONS EXPRESSED HEREIN ARE SOLELY THOSE OF THE BELOW-SIGNED ASSISTANT ATTORNEY GENERAL, AND IN NO WAY REFLECT THE OFFICIAL OPINION OF ATTORNEY GENERAL ROBERT H. HENRY. FURTHER I HAVE ENCLOSED A COPY OF ATTORNEY GENERAL OPINION 76-385 FOR YOUR PERUSAL. IF YOU HAVE ANY FURTHER QUESTIONS CONCERNING THIS MATTER PLEASE FEEL FREE TO CONTACT ME.
(TAMMY M. THOMPSON)